## SUPREME COURT.

### ROBINSON agt. JUDD.

A *demurrer* to a complaint will not lie, on the ground that several causes of action are improperly united, where the several causes of action stated belong only to *one class*, mentioned in § 167 of the Code, *although they may not be separately stated.* (*See Van Namee agt. Peoble, ante, p.* 198, *and Strauss agt. Parker, ante, p.* 342, *adverse.*)

The words "improperly united" have reference to the character or classes of actions, as specified in § 167, and not to the manner of stating or setting forth the causes of action in the complaint.

The Code does not authorize a *demurrer* for *duplicity.* (*The case of Goding agt. M'Allister, ante, p.* 123, *fully concurred in. See Strauss agt. Parker, ante, p.* 342, *adverse.*)

If a pleading is not authorized by the Code, or if the manner of pleading is not authorized, and the Code has provided no specific mode of bringing the question before the court, it may be presented by motion, generally, if not always, upon the ground of irregularity.

The amendment in 1852 to § 172 of the Code, authorizing the court in its discretion to order actions to be *divided,* applies to actions in the *different classes,* specified in § 167.

*Niagara Special Term, June,* 1854. Demurrer to complaint, on the ground that "several causes of action have been improperly united."

H. GARDNER, *for Plaintiff.*
WOODS AND MURRAY, *for Defendant.*

MARVIN, Justice. The plaintiff alleges in his complaint that, in February, 1850, at the special instance and request of the defendant, he lent and advanced to him $250; that at the same time, and at like request, he sold and delivered three silver watches, of the value of $68, to the defendant; that from February, 1850, to August, 1853, he, at the request of defendant, furnished, delivered, and sold to the family of the defendant a large amount of goods, merchandize, property, &c., &c., of the price and value of $950; that during the same time, and at like request, the plaintiff, his agents, and servants performed work, labor, and service for defendant and family to the amount of $50; that during same time, at like request, he lent and

advanced to, and paid, laid out, and expended for defendant and family $500 ; that during same time, and at like request, he paid house rent for, and furnished house room to, defendant and his family to the amount and value of $90 ; that during same time, and at like request, he paid to one Thayer a debt owing by defendant to Thayer of $9.75 ; that in April, 1851, at like request, he caused and procured a policy of insurance upon the life of the defendant, to be issued to and for the benefit of defendant's wife, and paid the premium, $45.05 ; that defendant, though often requested, has not paid, &c., &c., and is indebted to plaintiff $1,500, for which sum the plaintiff demands judgment.

The defendant's counsel alleged on the argument that the complaint contained eight distinct causes of action, and insisted that they were not separately stated, and that for these causes a demurrer was proper.

Assuming, for the present, that the counsel's construction of the complaint is correct, does the Code authorize a demurrer?

The complaint is to contain a plain and concise statement of facts constituting a cause of action. (*Code*, § 142.) The defendant may demur to the complaint, when it appears upon its face, 5. " that several causes of action have been improperly united." (§ 144.) The plaintiff may unite in the same complaint several causes of action, when they shall all arise out of 2. contract expressed or implied. This section contains seven classes of actions, and all that belong to one of the classes may be united in the same complaint. It is, however, declared in the section that the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and not require different places of trial, and *must be separately stated.* (§ 167.)

Let us consider these provisions. The plaintiff may unite in his complaint several causes of action when they arise out of contract, and one of the requirements is, that they must be separately stated. All the grounds of demurrer are specified in the Code. There are six of them. The demurrer is to specify the grounds of objection. The defendant may demur when

it appears upon the face of the complaint that several causes of action have been improperly united. Is it meant by this that the defendant may demur when causes of action belonging to the same class, and which by § 167 may be united, are united in a single statement of cause or causes of action? Or does it mean that the defendant may demur when the plaintiff has united in his complaint causes of action belonging to the different classes enumerated in § 167? In other words, may the defendant demur on account of the *manner of uniting* the causes of action, though they be such as " he may unite in the same complaint?" It seems to me that it was only intended to authorize the demurrer when the plaintiff united in his complaint causes of action which, by § 167, he was not authorized to unite; as, for instance, an action arising out of contract, and an action for injury to character. In my opinion the Code does not authorize a demurrer for duplicity. It is not satisfactory to say that the Code only authorizes a plaintiff to " unite in the same complaint several causes of action " upon certain conditions, or with certain directions or qualifications; but it is necessary to show that, in case these conditions are not complied with, or the directions not followed, that the Code authorizes a demurrer. The uniting of certain specified causes of action in the same complaint is authorized, and the uniting of any causes of action in the same complaint not so specified, is not authorized; and if causes of action not so specified and authorized are united, then " several causes of action have been improperly united," because the Code does not authorize such uniting in the same complaint, and the defendant may demur. " Improperly united " has reference to the character or classes of actions as specified in § 167, and not to the manner of stating or setting forth the causes of action in the complaint.

We are endeavoring to ascertain the meaning of the fifth subdivision of § 144, and whether it is applicable to the present case. This section has undergone no amendment. It is now as it was prepared by the commissioners on the Code. By turning to § 143 (now § 167) of the Code of 1848, classifying the actions that may be united, it will be seen that it contains no

Robinson agt. Judd.

requirement that the causes of action should "be separately stated." These words were added by the amendment of 1849. Do they change the meaning of the section touching demurrers, or call for a different construction or application of the words "improperly united?" If the question we are now consider-ing had arisen under the Code of 1848, I think no one would have contended that the Code authorized a demurrer. It is often very important, when we are endeavoring to ascertain the meaning of provisions in the Code, to go back and follow up the Code from its origin, and note carefully the amendments, and consider their effect upon sections not amended. It seems to me clear that the commissioners had no reference to *duplic-ity*, when they specified as one of the causes of demurrer that several causes of action have been improperly united.

The provisions in § 150, requiring a defendant to state sep-arately in his answer each of his defences, and that they should refer to the causes of action they are intended to answer; and § 151, authorizing a demurrer to one or more of several causes of action stated in the complaint; have been referred to in sup-port of the position that duplicity is a good cause of demurrer. (4 *How. Pr. R.* 228.) Undoubtedly a separate statement of each cause of action should be made. The Code only authorizes a statement of facts constituting *a cause* of action—one cause of action; and the provisions in §§ 150 and 151, and other sections, assume that the pleader will prepare his pleadings as authorized by the Code, and in accordance with its provisions; but they do not prove that, in case the complaint is not prepared according to the Code in all respects, that the defendant may demur. On the contrary, all the causes of demurrer are *specified ;* and if the com-plaint in other respects is not framed according to the authority or requirements of the Code, a demurrer can not be interposed. If a demurrer is to be permitted for duplicity in a complaint, it should be allowed for duplicity in an answer, in order to make the system consistent. The defendant is required to state each defence separately. Suppose he does not comply with this requirement, it will not be contended that the plaintiff can demur. He can only demur for *insufficiency.*

As an original question, my opinion was as here stated. In 1849, Justice WILLARD, in Durkee agt. Saratoga & Washington R. R. Co., (4 *How. Pr. R.* 226,) held that a demurrer was authorized by the Code when the complaint, in the same statement, set forth several causes of action, though they all belonged to a class of actions which might be united in the same complaint. His opinion seems to have been influenced mainly by the provisions in § 167, that the causes of action "must be separately stated." From a strong desire that the questions arising under the Code should be settled, that the profession and the court might "know the law," I was disposed to acquiesce in the decision of the learned judge, though adverse to what I supposed the proper construction of the Code. It is extremely important that our practice and system of pleading should be settled, and as uniform as possible through the state. It is often quite as important that a question of practice or pleading be settled, as it is how it is settled.

In Getty agt. Hudson River R. R. Co., (8 *How. Pr. R.* 179,) Justice HARRIS adopts the views of Justice WILLARD, and refers also to Pike agt. Van Wormer, (5 *How. Pr. R.* 171,) in which Justice WILLARD reiterated his opinion in Durkee agt. Saratoga & Washington R. R. Co., *supra*, though the demurrer had not raised the question.

More recently Justice WELLES, in Gooding agt. M'Allister, (9 *How. Pr. R.* 123,) has examined the question, and reviewed the opinion in Durkee's case, and he came to the conclusion that a demurrer can not be interposed for duplicity. The question is ably discussed by Justice WELLES, and I concur most fully in his construction of the Code touching the question now under consideration. In Benedict agt. Seymour, (6 *How. Pr. R.* 298,) Justice SELDEN, after noticing that the Code only authorizes a statement of "a cause of action, that is, a single cause of action," points out the remedy, if the complaint contains more than one cause of action in the same statement, viz. : a motion to strike out all the allegations not essential to a single cause of action. I fully concur in this view.

If a pleading is not authorized by the Code, or if the man-

ner of pleading is not authorized, and the Code has provided no specific mode of bringing the question before the court, it may be presented by motion, generally, if not always, upon the ground of irregularity. We have been in the constant practice, since the amendments of 1852, of setting aside or striking out replies to answers which do not contain new matter constituting a counter claim, on the ground that a reply in such a case is not authorized. There may be many defects in a complaint that can not be reached by a demurrer.

Before taking leave of this question, it may be proper to refer to a provision inserted in 1852 in § 172. It is : " If the demurrer be allowed for the cause mentioned in the fifth subdivision of § 144, the court may, in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned."

I have been in doubt as to the meaning of this provision, and as to what application is to be made of it. It occurred to me, at one time, that possibly it was intended to provide for a case where a demurrer had been put in for duplicity ; and if so, it might be regarded as a legislative construction of the Code, in accordance with the opinion of Justice WILLARD, above cited. I certainly could see no necessity for such provision, (assuming Justice WILLARD's construction to be correct,) as the court had the power to allow an amendment of the complaint, and to permit the plaintiff to separate his causes of action, and make as many statements as should be necessary. On the other hand, it seemed to me that the legislature could not have intended, where the plaintiff had united in his complaint, though separately stated, a cause of action, say, on contract, and a cause of action for injury to character, to authorize these actions to be divided into two actions, and permit the plaintiff to proceed in them as two actions. I have, however, come to the conclusion that this provision was intended to apply to actions in the different classes specified in § 167—that is, if the plaintiff united in his complaint a cause of action in one class with a cause of action in another class, the court

may, in *its discretion*, order the action to be divided into as many actions as may be necessary, &c.   By turning to Alger agt. Scoville and others, (6 *How. Pr. R.* 131,) and noticing the questions there raised, and particularly the ground of the decision, we shall find, I think, the origin and cause of the amendment above stated.   This decision was made prior to the amendment.   Causes of action were stated upon contract, and also causes of action against a trustee. ` Actions upon contract, by § 167, belong to the first class : claims against a trustee, by virtue of a contract, or by operation of law, belong to the seventh class.   The court held that the demurrer was well taken, and gave judgment for the defendants.   Now, by the amendment to § 172, the court, in a case like Alger agt. Scoville, may order the action to be divided.   Cases may occasionally occur where it may be proper to divide the action.   There may be two or more causes of action, and it may be a question of some doubt to which class they belong, and whether they belong to the same class.   The power, after a demurrer has been allowed, to order the action to be divided, is controlled by the *discretion* of the court.

It was my intention to examine the complaint in this case, and show that it is not obnoxious to the full extent to the objections made to it by the defendant's counsel, but I shall waive any discussion of it.   The demurrer is overruled.